# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ANGELA SMITH ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| POWELL LAW OFFICE P.C. AND ) | **JURY TRIAL DEMAND** |
| LIGHTHOUSE RECOVERY ) | |
| ASSOCIATES, LLC ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiff, Angela Smith ("Plaintiff"), is a natural person who at all relevant times resided in the State of South Carolina, County of Laurens, and City

1

of Gray Court.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Powell Law Office P.C. ("PLO") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. PLO is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Lighthouse Recovery Associates, LLC, ("LRA") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. LRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than PLO.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than PLO, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than PLO.

13. PLO uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

2

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. LRA purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. LRA acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. LRA is thoroughly enmeshed in the debt collection business, and LRA is a significant participant in PLO's debt collection process.

17. In connection with the collection of an alleged debt, Defendant Powell, itself and on behalf of Defendant LRA, placed a telephone call to Plaintiff's place of employment on February 1, 2011 at 12:45 P.M.

18. In response to this call, Plaintiff sent an email to Defendant Powell on February 1, 2011 at 12:55 P.M. requesting that Defendant cease and desist from placing any further telephone calls to Plaintiff, and demanded that Defendant communicate with Plaintiff solely via fax or email.

19. Despite Plaintiff's demand, Defendant LRA placed multiple additional telephone calls to Plaintiff's place of employment, including, but not limited to: February 15, 2011 at 7:00 P.M. and February 16, 2011 at 4:22 P.M. and February 16, 2011 at 4:58 P.M. (15 U.S.C. § 1692c(c); 15 U.S.C. § 1692d(5)).

20. In connection with the collection of an alleged debt, Defendant Powell, itself and on behalf of Defendant LRA, sent initial written communication to Plaintiff dated January 17, 2011 in which Defendant stated, in relevant part, as

3

follows:

> Please be advised that Powell Law Office, PC has been assigned the above referenced account. This is a demand for full balance, as the account is seriously past due and you have had ample time to pay the original creditor. An attorney will soon be assigned to review the file for the purpose of additional collection activity, and/or litigation, and/or possible referral to a law firm situated in your city and county of residence. In some cases, with authorization, and if you can be

21. Defendant placed this statement, in which it threatened Plaintiff that it would "soon" assign an attorney to review the alleged debt for litigation and referral to a law firm in Plaintiff's city and count of residence immediately above the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., and in so doing, obscured and overshadowed the same.  (15 U.S.C. § 1692g(b)).

22. In connection with the collection of an alleged debt, Defendant Powell, itself and on behalf of Defendant LRA, sent initial written communication to Plaintiff dated January 17, 2011 in which Defendant stated that the "current creditor" of the alleged debt was "LRA/ UDH \ Payday Loans 040," and as such, failed to disclose the name of the creditor in a meaningful manner as required pursuant to 15 U.S.C. § 1692g(a)(2).  (15 U.S.C. § 1692g(a) et seq.).

23. Defendants' actions constitute conduct highly offensive to a reasonable person.

## COUNT I—VIOLATIONS OF THE FDCPA
## DEFENDANT PLO

24. Plaintiff repeats and re-alleges each and every allegation above.

25. Defendant PLO violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that PLO violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II—VIOLATIONS OF THE FDCPA
## DEFENDANT LRA

26. Plaintiff repeats and re-alleges each and every allegation above.

27. Defendant LRA violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that LRA violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

28.  Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 22nd day of August, 2011.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (S.C. Bar No. 77897)
Weisberg & Meyers, LLC
409A Wakefield Dr.
Charlotte, NC 28209
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@attorneysforconsumers.com

ATTORNEYS FOR PLAINTIFF

*Please send correspondence to the address below*

Holly E. Dowd
**Weisberg & Meyers, LLC**
5025 N. Central Ave. #602
Phoenix, AZ 85012

6